**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Northern District of Texas

Case number (*If known*): _____  Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | Food Management Partners, Inc. |
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | dba Food Management Partners |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 20-1867374 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 2338 N. Loop 1604 W.<br>Suite 350<br>San Antonio TX 78248 | |
| Bexar<br>County | **Location of principal assets, if different from principal place of business** |

5. **Debtor's website** (URL)

Debtor   Food Management Partners, Inc.          Case number *(if known)*_____
_____
Name

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ❑ Partnership (excluding LLP)
- ❑ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ❑ Railroad (as defined in 11 U.S.C. § 101(44))
- ❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply:*

- ❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7225

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ❑ Chapter 7
- ❑ Chapter 9
- ■ Chapter 11. *Check all that apply:*

  - ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ❑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  - ❑ A plan is being filed with this petition.

  - ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  - ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  - ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ❑ Chapter 12

| Debtor | Food Management Partners, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                MM / DD / YYYY

District _____ When _____ Case number _____
                       MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor  See Attached _____ Relationship _____

District _____ When _____
                            MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor  Food Management Partners, Inc.   Case number (if known)_____
_____
Name

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ■ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ■ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/20/2021
            MM / DD / YYYY

✗  /s/ Mark Shapiro                          Mark Shapiro
_____          _____
Signature of authorized representative of debtor   Printed name

Title  Chief Restructuring Officer
      _____

Debtor    Food Management Partners, Inc.                                    Case number (if known)_____
          Name

**18. Signature of attorney**    ✘    ___/s/ Jason Brookner___    Date    __04/20/2021__
                                        Signature of attorney for debtor              MM  / DD  / YYYY

                                        Jason S. Brookner
                                        Printed name

                                        Gray Reed
                                        Firm name

                                        1601 Elm St., Suite 4600
                                        Dallas TX 75201

                                        Address

                                        214-954-4135                          jbrookner@grayreed.com
                                        Contact phone                         Email address

                                        24033684                              TX
                                        Bar number                            State

**Fill in this information to identify the case:**

Debtor name ___Food Management Partners, Inc.___

United States Bankruptcy Court for the: ___Northern___ District of ___Texas___
                                                                    (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

# VOLUNTARY PETITION PART 10 ATTACHMENT

Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?

| | DEBTOR | RELATIONSHIP | DISTRICT | WHEN | CASE NUMBER |
|---|---|---|---|---|---|
| 1 | Buffets LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 2 | Hometown Buffet, Inc. | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 3 | OCB Restaurant Company, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 4 | OCB Purchasing, Co. | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 5 | Ryan's Restaurant Group, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 6 | Fire Mountain Restaurants, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 7 | Tahoe Joe's Inc. | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 8 | Alamo Ovation, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 9 | Fresh Acquisitions, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 10 | FMP-Ovation Payroll, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 11 | Alamo Fresh Payroll, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 12 | FMP-Fresh Payroll, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 13 | Alamo Buffets Payroll, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |
| 14 | FMP SA Management Group, LLC | Affiliate | Northern District of TX | 4/20/2021 | TBD |

**Fill in this information to identify the case:**

Debtor name    Food Management Partners, Inc..

United States Bankruptcy Court for the:  Northern  District of  Texas
(State)

Case number (If known):

☐ Check if this is an
amended filing

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with the rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in this Chapter 11 Case.

| | NAME AND LAST KNOWN ADDRESS OR PLACE | SECURITY CLASS | NUMBER OF SECURITIES | KIND OF INTEREST | OWNERSHIP PERCENTAGE |
|---|---|---|---|---|---|
| 1 | Larry Harris<br>2338 N. Loop 1604 W. Suite 350<br>San Antonio, TX 78248 | | | Ownership Interest | 33.340% |
| 2 | Allen Jones<br>2338 N. Loop 1604 W. Suite 350<br>San Antonio, TX 78248 | | | Ownership Interest | 33.330% |
| 3 | Jason Kemp<br>2338 N. Loop 1604 W. Suite 350<br>San Antonio, TX 78248 | | | Ownership Interest | 33.330% |
| 4 | | | | | |
| 5 | | | | | |
| 6 | | | | | |
| 7 | | | | | |
| 8 | | | | | |
| 9 | | | | | |
| 10 | | | | | |

Jason S. Brookner
Texas Bar No. 24033684
Aaron M. Kaufman
Texas Bar No. 24060067
Amber M. Carson
Texas Bar No. 24075610
**GRAY REED**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone:     (214) 954-4135
Facsimile:     (214) 953-1332
Email:          jbrookner@grayreed.com
                akaufman@grayreed.com
                acarson@grayreed.com

**PROPOSED COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | Chapter 11 |
| | § | |
| FOOD MANAGEMENT PARTNERS, INC., | § | Case No. 21-[●] ([●]) |
| | § | |
| Debtor. | § | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Fresh Acquisitions, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases hereby state as follows:

1. Debtor Food Management Partners, Inc. is owned by the following non-debtor individuals:

[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]

| Individual/Limited Liability Company | Ownership Percentage |
|---|---|
| Larry Harris | 33.34% |
| Allen Jones | 33.33% |
| Jason Kemp | 33.33% |

/s/ Jason S. Brookner

Jason S. Brookner
GRAY REED, Proposed Counsel to the
Debtors and Debtors in Possession
Texas Bar No. 24033684

**Fill in this information to identify the case:**

Debtor name  Food Management Partners, Inc

United States Bankruptcy Court for the:  Northern _____ District of ____ Texas ____
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MARUEEN SALGADO C/O LAW OFFICE OF RUBEN RUIZ 674 COUNTRY SQUARE DRIVE  STE 310 VENTURA, CA  93003 | TEL: 805-644-8321 | WAGES | Contingent Unliquidated Disputed | | | $43,680.00 |
| 2 | REINA GONZALEZ, ET AL. c/o MOORADIAN LAW, APC 24007 VENTURA BLVD, SUITE 210 CALABASAS, CA 91302 | ZORIK MOORADIAN TEL: 818-487-1998 FAX: 888-783-1030 zorik@mooradianlaw.com | PRIVATE ATTORNEY GENERAL'S ACT LITIGATION | Contingent Unliquidated Disputed | | | $30,000.00 |
| 3 | ALICIA WISECARVER STATE OF CA DEPT OF INDUSTRIAL RELATIONS LABOR COMMISSIONER'S OFFICE 770 E SHAW AVE   STE 222 FRESNO, CA  93710 | FAX:  559-248-8413 laborcomm.wca.fre@dir.ca.gov | UNPAID WAGES | Contingent Unliquidated Disputed | | | $274.26 |
| 4 | EMILY WOLFE STATE OF CA DEPT OF INDUSTRIAL RELATIONS LABOR COMMISSIONER'S OFFICE 770 E SHAW AVE  STE 222 FRESNO, CA  93710 | FAX:  559-248-8413 laborcomm.wca.fre@dir.ca.gov | UNPAID WAGES | Contingent Unliquidated Disputed | | | $252.55 |
| 5 | MACI AVILLA STATE OF CA DEPT OF INDUSTRIAL RELATIONS LABOR COMMISSIONER'S OFFICE 770 E SHAW AVE   STE 222 FRESNO, CA  93710 | FAX:  559-248-8413 laborcomm.wca.fre@dir.ca.gov | UNPAID WAGES | Contingent Unliquidated Disputed | | | $221.51 |
| 6 | AIMEE CANEVA STATE OF CA DEPT OF INDUSTRIAL RELATIONS LABOR COMMISSIONER'S OFFICE 770 E SHAW AVE   STE 222 FRESNO, CA  93710 | FAX:  559-248-8413 laborcomm.wca.fre@dir.ca.gov | UNPAID WAGES | Contingent Unliquidated Disputed | | | $216.74 |
| 7 | SUSHIE ANNETTE VALENZUELA c/o BIBIYAN LAW GROUP, P.C. 8484 WILSHIRE BLV'D, SUITE 500 BEVERLY HILLS, CA 90211 | DAVID D. BIBIYAN TEL: 310-438-5555 FAX: 310-300-1705 david@tomorrowlaw.com | EMPLOYEE LITIGATION (DISCRIMINATION) | Contingent Unliquidated Disputed | | | UNKNOWN |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | ARMANDO SARMENTO, ET AL. c/o ROBERT DAVID BAKER, ESQ. 80 SOUTH WHITE ROAD SAN JOSE, CA 95127 | ROBERT DAVID BAKER TEL: 408-251-3400 FAX: 408-251-3401 rbaker@rdblaw.net | EMPLOYEE CLASS ACTION | Contingent Unliquidated Disputed | | | UNKNOWN |
| 9 | SUSHIE ANNETTE VALENZUELA c/o BIBIYAN LAW GROUP, P.C. 8484 WILSHIRE BLV'D, SUITE 500 BEVERLY HILLS, CA 90211 | DAVID D. BIBIYAN TEL: 310-438-5555 FAX: 310-300-1705 david@tomorrowlaw.com | EMPLOYEE LITIGATION (DISCRIMINATION) | Contingent Unliquidated Disputed | | | UNKNOWN |

**Fill in this information to identify the case and this filing:**

Debtor Name _Food Management Partners, Inc._

United States Bankruptcy Court for the: _Northern_ District of _Texas_
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration _List of Equity Security Holders_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _04-20-2021_     ✘ /s/  Mark Shapiro
MM / DD / YYYY     Signature of individual signing on behalf of debtor

Mark Shapiro
Printed name

Chief Restructuring Officer
Position or relationship to debtor

OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS

OF THE BOARDS OF DIRECTORS AND BOARDS OF MANAGERS OF

BUFFETS, LLC,

HOMETOWN BUFFET, INC.,

OCB RESTAURANT COMPANY, LLC,

OCB PURCHASING CO.,

RYAN'S RESTAURANT GROUP, LLC,

FIRE MOUNTAIN RESTAURANTS, LLC,

TAHOE JOE'S, INC.,

FMP-OVATION PAYROLL, LLC,

ALAMO BUFFETS PAYROLL, LLC,

ALAMO OVATION, LLC,

FRESH ACQUISITIONS, LLC,

ALAMO FRESH PAYROLL, LLC,

FMP-FRESH PAYROLL, LLC,

FOOD MANAGEMENT PARTNERS, INC. AND

FMP SA MANAGEMENT GROUP, LLC

DATED AS OF APRIL 16, 2021

Pursuant to the provisions of the Delaware Limited Liability Company Act, Minnesota Business Corporation Act, Minnesota Limited Liability Company Act, Ohio Limited Liability Company Act, South Carolina Limited Liability Company Act and the Texas Limited Liability Company Act, as applicable, and the certificates of formation, articles of incorporation, limited liability company agreements, bylaws and similar formation and governance documents (collectively, the "Organizational Documents"), as applicable, of BUFFETS, LLC, a Minnesota limited liability company ("Buffets"), HOMETOWN BUFFET, INC., a Minnesota corporation ("HomeTown Buffet"), OCB RESTAURANT COMPANY, LLC, a Minnesota limited liability company ("OCB Restaurant"), OCB PURCHASING CO., a Minnesota corporation ("OCB Purchasing"), RYAN'S RESTAURANT GROUP, LLC, a South Carolina limited liability company ("Ryan's"), FIRE MOUNTAIN RESTAURANTS, LLC, an Ohio limited liability company ("Fire Mountain"), TAHOE JOE'S, INC., a Minnesota corporation ("Tahoe Joe"), FMP-OVATION PAYROLL, LLC, a Texas limited liability company ("FMP-Ovation Payroll"),

DocuSign Envelope ID: 276E8BED-3B79A-44DE-8D57-D909E8C4E98F

ALAMO BUFFETS PAYROLL, LLC, a Texas limited liability company ("Alamo Buffets Payroll"), ALAMO OVATION, LLC, a Texas limited liability company ("Alamo Ovation"), FRESH ACQUISITIONS, LLC, a Delaware limited liability company ("Fresh Acquisitions"), ALAMO FRESH PAYROLL, LLC, a Texas limited liability company ("Alamo Fresh Payroll"), FMP-FRESH PAYROLL, LLC, a Texas limited liability company ("FMP-Fresh Payroll"), FOOD MANAGEMENT PARTNERS, INC., a Texas corporation ("FMP"), and FMP SA MANAGEMENT GROUP, LLC, a Texas limited liability company ("FMP Management") (each of Buffets, HomeTown Buffet, OCB Restaurant, OCB Purchasing, Ryan's, Fire Mountain, Tahoe Joe, FMP-Ovation Payroll, Alamo Buffets Payroll, Alamo Ovation, Fresh Acquisitions, Alamo Fresh Payroll, FMP-Fresh Payroll, FMP and FMP Management, a "Company" and collectively, the "Companies"), the undersigned, being: (a) with respect to each Company that is a limited liability company, all of the Managers of such Company, and (b) with respect to each Company that is a corporation, all of the Directors of such Company (each aforementioned Manager or Director of the Companies, a "Governing Person"), hereby consent to, approve and adopt the following resolutions and each and every action effected thereby, which resolutions shall have the same force and effect as if adopted by unanimous vote at a meeting of the Governing Persons of each Company, and such resolutions have not been amended or rescinded and are now in full force and effect:

### *Filing of Chapter 11 Case and Related Authorizations*

RESOLVED, that in the judgment of the Governing Persons of the Companies it is desirable and in the best interests of the Companies and their respective creditors, members, shareholders and other interested parties, that a petition be filed by the Companies in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and further

RESOLVED, that Vineet Batra (the "Independent Governing Person"), having been previously appointed as an independent Manager or Director of each Company, as applicable, now be appointed by the Governing Persons of the Companies as an authorized signatory ("Authorized Signatory") in connection with the chapter 11 case authorized herein (the "Case"); and further

RESOLVED, that Mark Shapiro, having been previously appointed as the Chief Restructuring Officer of each Company (the "CRO") now be appointed by the Governing Persons of the Companies as an Authorized Signatory in connection with the Case; and further

RESOLVED, that the Authorized Signatories and each Governing Person of the Companies, together with any other person or persons hereafter designated by the Governing Persons of the Companies, or any one of such persons (each, individually, an "Authorized Officer," and collectively, the "Authorized Officers") be, and each of them hereby is, authorized, empowered and directed, on behalf of the Companies, to execute and verify a petition in the name of the Companies under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court to commence the Case in such form and at such time as the Authorized Officer executing said petition on behalf of the Companies shall determine; and further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized,

4820-8174-8709.2

DocuSign Envelope ID: 376E8BED-B79A-44DE-8D57-D90F58C4E49F

directed and empowered, on behalf of and in the name of the Companies, to execute and/or file, or cause to be executed and/or filed (or to direct others to do so on their behalf as provided herein), all necessary documents including, but not limited to, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action, that they or any of them deem necessary, proper or desirable in connection with the Case contemplated hereby, with a view to the successful prosecution of such case; and further

RESOLVED, that the law firm of Gray Reed & McGraw LLP, 1601 Elm Street, Suite 4600, Dallas, Texas 75201 be, and hereby is, employed under a general retainer as bankruptcy counsel to represent and assist the Companies and the other affiliated debtor entities in the Case; and further

RESOLVED, that B. Riley Advisory Services, 3500 Maple Avenue, Suite 420, Dallas, Texas 75219 be, and hereby is, engaged under a general retainer as financial advisor for the Companies and the other affiliated debtor entities in the Case; and further

RESOLVED, that the law firm of Katten Muchin Rosenman LLP, 2121 North Pearl Street, Suite 1100, Dallas, Texas 75201 be, and hereby is, employed as special counsel to represent and assist the Companies and the other affiliated debtor entities in the Case; and further

RESOLVED, that BMC Group, Inc., 600 1st Avenue, Seattle, Washington 98104 be, and hereby is, engaged under a general retainer as claims and noticing agent for the Companies and the other affiliated debtor entities in this Case; and further

RESOLVED, that Hilco Real Estate, LLC be, and hereby is, engaged under a general retainer as real estate consultant and advisor for the Companies in the Case; and further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Companies to retain such other professionals as they deem appropriate during the course of the Case; and further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Companies under chapter 11 of the Bankruptcy Code, or in connection with the Case, or any matter related thereto, including in connection with the debtor in possession financing, be, and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Companies.

### _Delegation of Duties to the Independent Governing Person and the CRO_

RESOLVED, that to the fullest extent permitted by applicable law and the Organizational Documents, the Governing Persons other than the Independent Governing Person (collectively, the "Delegating Governing Persons"), hereby delegate to the Independent Governing Person and the CRO, together, the authority to review and act upon any matter arising in or related to the Case, including, but not limited to, the filing and prosecution thereof or any transactions attendant thereto, including, but not limited to, any other transactions described in these resolutions, in which a conflict exists between one or more Companies on the one hand, and such Companies' respective members, shareholders, or affiliates, or the Delegating Governing Persons, or such Companies'

DocuSign Envelope ID: 276E8BED-B79A-44DE-8D57-D90E58C4E43E

officers, on the other hand (each, a "<u>Conflict Matter</u>"); and further

RESOLVED, that to the fullest extent permitted under applicable law, the Delegating Governing Persons hereby delegate to the Independent Governing Person and the CRO, together, the authority to investigate and determine, in their business judgment and with the advice of counsel, whether any matter arising in or related to the Case or any transactions attendant thereto constitutes a Conflict Matter, and that any such determination shall be binding on the Companies; and further

RESOLVED, that, if the Independent Governing Person and the CRO, together, determine, with the advice of counsel, that a particular Conflict Matter does not pose any conflict with respect to any of the Delegating Governing Persons, then such Delegating Governing Persons shall be permitted to participate in all actions and deliberations relating to such Conflict Matter on the same basis as the Independent Governing Person and the CRO; and further

RESOLVED, that, to the fullest extent permitted by applicable law and the Organizational Documents of each Company, the Delegating Governing Persons hereby delegate to the Independent Governing Person and the CRO, together, the authority to conduct all investigations and analyses related to any Conflict Matter necessary or desirable in order to be fully advised with regard to such Conflict Matter, in the Independent Governing Person's and the CRO's business judgment, with the advice of counsel, and to act on behalf of the Companies and bind the Companies in connection therewith, including taking any and all actions to negotiate, resolve, abide by, and implement the decisions and actions of the Independent Governing Person and the CRO with respect to the Conflict Matter, which responsibilities may include, but are not limited to, fact investigation, legal research, briefing, discovery, negotiation and settlement of the Conflict Matter, and communications and meetings with parties in interest in connection with the foregoing; and further

RESOLVED, that the Independent Governing Person and the CRO shall confer and consult with the Delegating Governing Persons as reasonably necessary and appropriate and will update the Delegating Governing Persons at meetings thereof regarding (a) any review of and decisions made with regard to any Conflict Matter and (b) any investigation, analysis and decisions made with regard to any Conflict Matter, in each case in the manner that the Independent Governing Person and CRO determine to be appropriate and necessary to fulfill their duties and obligations, taking into the account the confidentiality of the Independent Governing Person's and CRO's work including their communications with counsel; and further

RESOLVED, that the Independent Governing Person and CRO shall control any attorney-client work product, or other privilege belonging to the Companies in connection with the Conflict Matters and on whether any matter constitutes a Conflict Matter; and further

RESOLVED, that the Independent Governing Person and CRO are hereby authorized to take all actions they deem necessary, advisable or appropriate in connection with and in order to carry out, comply with and effectuate the purpose and intent of the foregoing and the various matters contemplated hereby, subject to any limitations imposed by applicable law and/or as expressly provided for herein, including, without limitation, to retain, approve the compensation and other retention terms of, and terminate advisors, including legal counsel, financial advisors or

other consultants or experts, to advise the Independent Governing Person and the CRO (which also may be advisors providing services to the Companies); and further

RESOLVED, that the execution by an Authorized Officer of any document, or performance of any act, authorized by the foregoing resolutions or any document executed, or act performed, in the accomplishment of any action or actions so authorized, including, but not limited to, furnishing to the Independent Governing Person and CRO all information as the Independent Governing Person may request in a manner that will not effect a waiver of any applicable privilege, and otherwise in cooperation with the Independent Governing Person and CRO in all respects (or shall become upon delivery) the enforceable and binding act and obligation of the Companies, as applicable, without the necessity of the signature or attestation of any other officer or representative of the Companies; and further

RESOLVED, that any officers, employees, advisors and agents of the Companies (collectively, "Authorized Persons"), acting alone or with one or more other Authorized Persons be, and hereby are, authorized, empowered and directed to take any and all actions that they deem necessary, proper or advisable consistent with these resolutions or in order to carry out fully the intent and purposes of these resolutions, in each case as requested by and under the direction of the Independent Governing Person and CRO, including furnishing to the Independent Governing Person and CRO all information as the Independent Governing Person and CRO may request, in a matter that shall not effect a waiver of any applicable privilege, and to cooperate with the Independent Governing Person and CRO in all respects; and further

RESOLVED, that any Authorized Person, acting alone or with one or more other such Authorized Persons be, and hereby is, authorized, empowered, and directed to implement any decision made by the Independent Governing Person and CRO in respect of a Conflict Matter on behalf of the Companies as directed by the Independent Governing Person and CRO; *provided*, that the Independent Governing Person and CRO retain the right to implement any such decision on behalf of the Companies on their own; and further

RESOLVED, that, without limiting any rights, powers and authorities delegated to the Independent Governing Person and CRO by these resolutions, the Independent Governing Person and CRO are free to determine whether the other matters and transactions described in these resolutions constitute Conflict Matters, and as such, the Independent Governing Person and CRO shall be free to act with respect to such Conflict Matters on behalf of the Companies in accordance with the foregoing delegation of rights, powers and authorities, and regardless of whether such determination is made on, before or after the date hereof.

### *Prepetition and Debtor-In-Possession Credit Agreement*

RESOLVED, that the borrowing by the Companies from VitaNova Brands, LLC, a Texas limited liability company (the "Lender"), of certain prepetition and post-petition loans in the aggregate amount of up to THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 UNITED STATES DOLLARS ($3,500,000.00) (the "Loan"), such borrowing to be evidenced by a Promissory Note executed in the original principal amount of $3,500,000.00 (the "Note"), made jointly and severally by the Companies and payable to the order of the Lender, is hereby approved by the Independent Governing Person and the CRO ; and further

DocuSign Envelope ID: 376E8BED-B79A-44DE-8D57-D909B8C4E5BE

RESOLVED, that the form and content of the Prepetition and Debtor-In-Possession Credit Agreement (the "Loan Agreement") to be entered into by the Companies and the Lender, in the form of drafts exhibited to the Independent Governing Person and the CRO , with such changes as are hereinafter authorized, and the transactions contemplated thereby, are hereby approved by the Independent Governing Person and the CRO ; and further

RESOLVED, that the form and content of the following documents:

(a)    The Note; and

(b)    The Pledge and Security Agreement (the "Buffets Security Agreement") executed by Buffets in favor of Lender pursuant to which Buffets grants to Lender a security interest in, among other things, one-hundred percent (100%) of Buffets' common stock, voting rights, and ownership rights in or related to HomeTown Buffet; and

(c)    The Pledge and Security Agreement (the "HomeTown Security Agreement") executed by HomeTown Buffet in favor of Lender, pursuant to which HomeTown Buffet grants to Lender a security interest in, among other things, one-hundred percent (100%) of HomeTown Buffet's common stock, voting rights, and ownership rights in or related to Tahoe Joe;

as exhibited to the Independent Governing Person and the CRO and with such changes as are hereinafter authorized, are hereby approved by the Independent Governing Person and the CRO (the Note, the Buffets Security Agreement and the HomeTown Security Agreement are collectively referred to as the "Loan Documents"); and further

RESOLVED, that any Authorized Officer, including, but not limited to the CRO, is hereby authorized, on behalf of the Companies, to execute and deliver to the Lender the Loan Agreement and the Loan Documents to which any of the Companies is a party in substantially the form approved by these resolutions, with such amendments or changes thereto as such person so acting may approve, such approval to be conclusively evidenced by such person's execution and delivery of the same; and further

RESOLVED, that any and all actions taken by any of the Authorized Officers, Governing Persons, members, shareholders or representatives of each Company, for and on behalf and in the name of such Company, with the Lender prior to the adoption of these resolutions, including, but not limited to, the negotiation of the Loan Agreement and the Loan Documents are hereby ratified, confirmed, and approved in all respects for all purposes; and further

RESOLVED, that the powers and authorizations contained herein with respect to the Loan Agreement and the Loan Documents shall continue in full force and effect until written notice of revocation has been given to, and received by, the Lender.

## *General*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, and except as provided above with respect to Conflict Matters, each of the

DocuSign Envelope ID: 376E8BED-B79A-44DE-8D57-D90E58C4F48E

Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company or Companies for which such Authorized Officers are authorized to act, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, notices, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such Authorized Officer's judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and further

RESOLVED, that each Company and each Governing Person thereof have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Organizational Documents of the applicable Company, or hereby waives any right to have received such notice; and further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company or Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the applicable Company or Companies with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Governing Persons of such Company or Companies; and further

RESOLVED, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of the Company or Companies for which such Authorized Officers are authorized to act with respect to the transactions contemplated by these resolutions, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered for and in the name and on behalf of the Companies to amend, supplement or otherwise modify from time to time the terms of any documents, certificates instruments, agreements or other writings referred to in the foregoing resolutions; and further

RESOLVED, that these resolutions may be executed in any number of identical counterparts, each of which for all purposes is to be deemed an original, and all of which constitute, collectively, one agreement; but in making proof of these resolutions, it shall not be necessary to produce or account for more than one such counterpart. These resolutions may be delivered by electronic transmission and delivery in such manner shall constitute delivery of an original.

[Signature Pages Follow]

4820-8174-8709.2

IN WITNESS WHEREOF, the undersigned, being the Governing Persons of Alamo Ovation, Fresh Acquisitions, OCB Purchasing, HomeTown Buffet and Tahoe Joe, hereby approve, adopt and consent to these resolutions to be effective as of the date first written above, although not necessarily executed on such date.

**GOVERNING PERSONS**:

Lawrence Farrell Harris, Jr.

Allen Jackie Jones

Jason Richard Kemp

Brian Michael Padilla

**INDEPENDENT GOVERNING PERSON**:

Vineet Batra

[Signature Page to Resolutions]

DocuSign Envelope ID: 276E8BED-B79A-44DE-BD57-D909F8C4FABF

IN WITNESS WHEREOF, the undersigned, being the Governing Persons of Alamo Buffets Payroll, Alamo Fresh Payroll, Buffets, Fire Mountain, FMP-Ovation Payroll, FMP-Fresh Payroll, FMP, FMP Management, OCB Restaurant and Ryan's, hereby approve, adopt and consent to these resolutions to be effective as of the first date written above, although not necessarily executed on such date.

**GOVERNING PERSONS**:

_____
Lawrence Farrell Harris, Jr.

_____
Allen Jackie Jones

_____
Jason Richard Kemp

**INDEPENDENT GOVERNING PERSON**:

_____
Vineet Batra

[Signature Page to Resolutions]

4820-8174-8709.2